**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5252

JAMES RICHARD GARRISON, a/k/a Big
Red,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Terrence W. Boyle, District Judge.
(CR-94-138-MU)

Submitted: February 27, 1996

Decided: March 29, 1996

Before MURNAGHAN, WILKINS, and HAMILTON, Circuit
Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Bradford F. Icard, Charlotte, North Carolina; Richard D. Willstatter,
GREEN & WILLSTATTER, White Plains, New York, for Appellant.
Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Richard Garrison appeals the 180-month sentence he received after his guilty plea to participation in a crack conspiracy, 21 U.S.C.A. § 846 (West Supp. 1995) (Count One), and possession of a firearm in relation to drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1995) (Count Ten). We vacate the sentence and remand for resentencing.

Garrison pled guilty to participation in a crack conspiracy and to possession of a Raven .25 caliber semi-automatic pistol in relation to a drug trafficking offense on August 5, 1994. He was carrying the Raven .25 caliber pistol when he was arrested; a shotgun was seized from his house. Following his plea, he also admitted to case agents and the probation officer that he bought a Norinco .380 caliber semi-automatic pistol in October 1993, during the conspiracy.

Garrison's plea agreement stipulated a factual basis for the guilty plea and relieved the government of putting on evidence; it also deferred presentation of a factual basis until sentencing. The agreement contained the following waiver, which was brought to Garrison's attention during the Fed. R. Crim. P. 11 hearing:

> Provided that the sentence the Court imposes on the defendant does not exceed the maximum of the applicable Sentencing Guidelines range, the defendant knowingly and expressly waives the right to contest either the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255; provided further, this waiver shall not apply to rights based on allegations of ineffective assistance of counsel or prosecutorial misconduct.

2

The agreement also required Garrison to cooperate with the government and promised that "[n]othing that the Defendant discloses pursuant to this Plea Agreement shall be used against him in any criminal proceeding."

The agreement stipulated that Garrison was responsible for 1.5 kilograms of crack, that the offense level for that amount would be 38,**1** and that Garrison should get a 3-level adjustment for acceptance of responsibility. Without additional enhancements and with a criminal history of I (as Garrison's turned out to be) the guideline range for Count One would have been 168-210 months. However, the probation officer recommended a 4-level adjustment for a leadership role, USSG § 3B1.1(a), and a 2-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense as well as conspiracy. With these enhancements, Garrison's recommended guideline range for Count One was 324-405 months.

Garrison objected to the role enhancement and also objected that the weapon enhancement was not applicable because he was also being sentenced under § 924(c) for use of a firearm in a drug trafficking crime. See USSG § 2K2.4, comment. (n.2). The probation officer responded that the leader adjustment was warranted because Garrison made trips to New York for cocaine and admitted selling cocaine to at least fifteen people on a regular basis, including leaders of drug organizations. The probation officer suggested that the firearm enhancement might be based on Garrison's possession of the Norinco .380 caliber pistol at a separate time from the conduct underlying his § 924(c) conviction--his possession of the Raven .25 caliber pistol in August 1994.

The government did not respond to Garrison's objections, but did move for a substantial assistance departure to a sentence of 180 months. At sentencing, the district court did not address the objections to the presentence report. Instead, the court told Garrison's attorney that, "We're past that. . . . I can either give him a guideline sentence, which I would be glad to do, or depart. . . . You don't get both, do you follow me?" Defense counsel acquiesced and said Garrison

---

**1** United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1994).

3

would accept the government's offer of a 180-month sentence. The district court then found that the guideline range for Count One was 324-405 months, as recommended by the probation officer, and departed to 180 months.

We must first decide whether Garrison's waiver of appeal rights requires dismissal of his appeal. Garrison argues that the appeal must be heard on the merits because the prosecutor breached the plea agreement (and thus engaged in prosecutorial misconduct) by arguing for a higher offense level than stipulated and providing protected information to the probation officer, or alternatively, because his attorney was ineffective in allowing him to reveal incriminating information to the probation officer.

Because Garrison did not claim that the government had breached the plea agreement in the district court, this claim is reviewed for plain error, that is, error which affects substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725 (1993); United States v. Fant, 974 F.2d 559, 562 (4th Cir. 1992).

Garrison first claims that the government breached the plea agreement by arguing for the weapon enhancement. The probation officer's response to Garrison's objection stated that the government "contends this enhancement is applicable due to the fact that different guns were involved during different time periods." The government did not argue this position, however, either in a written response or at the sentencing hearing. The government asserts in its supplemental brief that the issue had been previously discussed in a general way with probation officers. Such discussion would not constitute prosecutorial misconduct.

Second, Garrison claims the government improperly revealed to the probation officer information he provided under the cooperation agreement, i.e., his purchase of the Norinco pistol in October 1993. Incriminating information which is provided under a cooperation agreement, and which was previously not known to the government, may not be used to determine the offense level. However, such information must still be provided to the court. USSG§ 1B1.8(a), com-

4

ment. (n.1). In doing so, the government did not act improperly or breach the plea agreement.

Third, Garrison argues that the government failed to fulfill the promise made in the plea agreement that he could make and argue objections to the presentence report because it "stood idly by" when the district court declined to rule on his objections to the presentence report. Although the government could have requested a ruling, its failure to do so does not amount to prosecutorial misconduct.

However, when information provided by a defendant pursuant to a cooperation agreement--and not already known to the government --is used to enhance his sentence, the agreement is breached. Fant, 974 F.2d at 562-65. Such information repeated to a probation officer is also protected. Id. at 564; USSG § 1B1.8, comment. (n.5). The government is equivocal about whether it had prior knowledge of Garrison's purchase of the Norinco .38 pistol and in fact suggests that it did not because Garrison was the first conspirator to cooperate. The government implies that if Garrison revealed his purchase of the Norinco pistol before entering into the plea agreement, the enhancement would be available.**2** However, the government offers no evidence that he did so. On the record before us, we conclude that the agreement was breached. Therefore, Garrison's waiver of appeal rights does not preclude us from addressing the merits of his appeal. We do not address his ineffective assistance claim.

Garrison maintains that the district court erred in failing to resolve his objections to the presentence report. We agree. Even when the district court intends to depart, it should first determine the correct guideline range. United States v. Talbott, 902 F.2d 1129, 1134 (4th Cir. 1990). Here, the district court adopted the probation officer's recommendations without permitting Garrison to contest them and without ruling on the objections. The court thus failed to comply with Fed. R. Crim. P. 32(c)(1). The government's motion for a substantial assis-

_____

**2** Apart from the USSG § 1B1.8 problem, the weapon enhancement raises a legal issue this court has not considered--whether a defendant who possesses more than one firearm in connection with a drug trafficking offense may be convicted under § 924(c) for one firearm and receive an enhancement under USSG § 2D1.1(b)(1) for a different firearm.

5

tance departure did not remove the district court's duty to rule on the objections. Had Garrison prevailed on both of his objections to the presentence report, his guideline range would have been 168-210 months. With a downward departure for substantial assistance, a sentence below 168 months was possible, although the court could have decided not to depart below the guideline range based on consideration of Garrison's possession of the Norinco pistol. USSG § 1B1.8, comment. (n.1). Moreover, defense counsel did not voluntarily abandon Garrison's objections because the district court erroneously forced him to choose between resolution of the objections and a substantial assistance departure. Therefore, we vacate the sentence and remand the case for resentencing.

Garrison also contends that he should be resentenced because he was not sentenced by the same judge who accepted his guilty plea. Because resentencing is required on other grounds, we need not address this issue.

The sentence imposed by the district court is accordingly vacated and the case is remanded for resentencing. On remand, the district court should resolve Garrison's objections to the recommended enhancements for leadership role and for possession of the Norinco pistol before making a departure for substantial assistance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

6